UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

GARY WEST,

        Plaintiff,

   v.

AUDREY KING, et. al.,

        Defendants.

No. C 14-5279 NJV (PR)

**ORDER OF TRANSFER**

Plaintiff, a civil detainee, has filed a civil rights action under 42 U.S.C. § 1983. He is civilly committed pursuant to California's Sexually Violent Predators Act (SVPA). *See* Cal. Welf. & Inst. Code 6600, et seq. Plaintiff is committed in Coalinga, CA which is located in the Eastern District of California. The underlying commitment proceeding originated in San Francisco County, which is in this district.

Plaintiff claims that the "assessment methodology" used by defendants – all current or former officials of California's Department of State Hospitals (formerly known as the Department of Mental Health) – pursuant to SVPA to hold and determine that an individual may not take part in outpatient treatment is unconstitutional. Plaintiff seeks declaratory relief and damages in the amount of $10,000,000.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his

confinement, however, may be brought under § 1983." *Id.*

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82). As a consequence, challenges to prison conditions traditionally have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Although plaintiff is a civilly committed patient, rather than a criminally convicted prisoner, the habeas versus § 1983 proper remedy distinction also applies. *Compare Hubbart v. Knapp*, 379 F.3d 773, 779-81 (9th Cir. 2004) (upholding constitutionality of SVPA against habeas challenge under 28 U.S.C. § 2254) *with Hydrick v. Hunter*, 669 F.3d 937, 941-42 (9th Cir. 2012) (accepting defendants' qualified immunity defense to civil committees' § 1983 challenge to their conditions of confinement). Consequently, to the extent that plaintiff seeks relief that would entitle him to immediate or earlier release from his civil commitment, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies. *See Skinner*, 131 S. Ct. at 1293; *see also Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965) (constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus after state judicial remedies have been exhausted). And to the extent that plaintiff seeks relief that may be construed as not necessarily requiring speedier release from his civil commitment, his § 1983 action must be brought in the Eastern District of California, where plaintiff is civilly committed at Coalinga State Hospital and where all named defendants reside. See 28 U.S.C. §§ 84(b), 1391(b).

**United States District Court**
For the Northern District of California

1  Accordingly, this case is **TRANSFERRED** to the United States District Court for the
2  Eastern District of California. *See* 28 U.S.C. § 1406(a). In view of the transfer, the Court
3  will not rule upon plaintiff's request for leave to proceed in forma pauperis.
4  **IT IS SO ORDERED.**
5  Dated: January 13, 2015.

                                NANDOR J. VADAS
                                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GARY WEST,<br><br>        Plaintiff,<br><br>v.<br><br>AUDREY KING, et al,<br><br>        Defendants. | No.1:14-CV-5279 NJV<br><br>**CERTIFICATE OF SERVICE** |

     I, the undersigned, hereby certify that on January 13, 2015, I served a true and correct copy of the attached by placing said copies in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Gary West
000-231-1
Coalinga State Hospital
P O Box 5003
Coalinga, CA 93210-5003

                                         /s/ *Linn Van Meter*
                                          Linn Van Meter
                                    Administrative Law Clerk to the
                                      Honorable Nandor J. Vadas